# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JEFFREY D. CARLIER,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:18-cv-839

Bertelsman, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

      Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 9), to which petitioner has not replied. For the reasons stated below, the undersigned recommends that the motion to dismiss be granted and the petition be denied on the ground that it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

      On October 29, 2015, the Scioto County, Ohio, grand jury returned a twenty-nine-count indictment charging petitioner with twenty-two counts of burglary, four counts of grand theft, two counts of safecracking, and one count of possessing criminal tools. (Doc. 8, Ex. 1). After initially entering a plea of not guilty, petitioner withdrew his former plea and entered a written guilty plea to the twenty-two counts of burglary, two counts of safecracking, and one count each of grand theft and possessing criminal tools. (Doc. 8, Ex. 2, 3). The prosecution agreed to dismiss the remaining three charges in exchange for the plea. On July 1, 2016, the trial court accepted petitioner's guilty plea, found him guilty, and sentenced petitioner to serve a total

aggregate prison sentence of forty-seven years in the Ohio Department of Corrections. (Doc. 8, Ex. 4).

### Delayed Appeal

On November 14, 2016, petitioner filed a pro se notice of appeal and a motion for leave to file a delayed appeal. (Doc. 8, Ex. 5, 6). As cause for his failure to timely appeal his conviction and sentence, petitioner claimed that his trial attorney failed to inform him of his appellate rights. (*See* Doc. 8, Ex. 6 at PageID 74). Petitioner's motion was denied by the Ohio Court of Appeals on January12, 2017. (Doc. 8, Ex. 7).

Petitioner did not timely appeal the decision to the Ohio Supreme Court.

### Delayed Appeal to the Ohio Supreme Court

On June 16, 2017, petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court. (Doc. 8, Ex. 8, 9). On September 13, 2017, the Ohio Supreme Court denied petitioner's motion and dismissed the case. (Doc. 8, Ex. 10).

### Federal Habeas Corpus

On November 28, 2018, petitioner commenced the instant federal habeas corpus action.[1]
Petitioner raises the following two grounds for relief in the petition:

> **GROUND ONE**: Petitioners In Ohio Have A Right to Appeal Their Sentence Imposed As A Part Of An "Open Plea" Agreement, Notice Should Be Given By Counsel.

---

[1] The petition was received by the Court on November 29, 2018. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on November 28, 2018. (*See* Doc. 7 at PageID 48). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on November 28, 2018.

**Supporting facts**: Where counsel completely mislead petitioner regarding the felony degree of charges, and trial court failed to substantially comply with the provisions of Crim. R. 11(c). Sixth and Fourteenth Amendments Due Process And Equal Protection of the Law. Petitioner's guilty plea was not knowingly, voluntarily or intelligently entered, but forced upon petitioner. The Trial Court failed to follow the plea agreement in relation to Crim. R. 11. Petitioner's plea was unintelligent due to counsel.

**GROUND TWO**: The Trial Court Erred To The Prejudice Of Petitioner In Sentencing Him To Forty-Seven (47) Years In Prison.

**Supporting facts:** Petitioner claims that he was denied equal protection of the law while co-defendants received sentences much different from petitioner's, violating equal protection of Ohio Law. Further, information of how petitioner would be sentenced if found guilty was withheld and petitioner had not a reasonable opportunity to defend, or due notice of such from counsel or the court.

(Doc. 7 at PageID 38, 40).

Respondent has filed a motion to dismiss the petition (Doc. 9), to which petitioner has not replied.

## II. THE PETITION SHOULD BE DISMISSED AS TIME BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, under § 2244(d)(1)(A), petitioner's conviction became final on August 1, 2016, upon the expiration of the 30-day period for filing an appeal as of right from the trial court's July 1, 2016 final judgment entry. *See* Ohio R. App. P. 4(A). The statute commenced running August 2, 2016, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on August 2, 2017, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute

4

under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the limitations period ran 104 days—from August 2, 2016 until November 14, 2016—before petitioner filed his motion for leave to file a delayed appeal in the Ohio Court of Appeals. (Doc. 8, Ex. 5, 6). The limitations period was tolled until the Ohio appeals court denied the motion on January 12, 2017. (*See* Doc. 8, Ex. 7). *See Board v. Bradshaw,* 805 F.3d 769, 771-76 (6th Cir. 2015) (reaffirming prior precedents in holding that a motion for delayed appeal to the Ohio Court of Appeals, even if "ultimately unsuccessful," is a "properly filed"

motion under Ohio R. App. P. 5 for state collateral relief that serves to toll the limitations period under § 2244(d)(2)).

The statute of limitations ran an additional 154 days, until June 16, 2017, when petitioner filed a delayed appeal motion to the Ohio Supreme Court. (*See* Doc. 8, Ex. 9). On September 13, 2017, the Ohio Supreme Court denied petitioner's motion and the limitations period ran the remaining 107 days and expired on December 29, 2017. Because petitioner did not file his habeas petition until November 28, 2018, the petition is time barred absent equitable tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

6

Petitioner is not entitled to equitable tolling in this case. As noted above, petitioner did not respond to the motion to dismiss or otherwise argue that he is entitled to equitable tolling. However, in his motion for leave to file a delayed appeal, he did argue that he was not informed by trial counsel of his right to appeal. Petitioner noted that it was not until he got to jail that he discovered that he was able to appeal his conviction and sentence. (*See* Doc. 8, Ex. 6 at PageID 74). However, even assuming without deciding that petitioner is entitled to equitable tolling for the 104 days between August 1, 2016—the time petitioner's conviction became final—and November 14, 2016—the date upon which petitioner filed his delayed appeal motion and was aware of his appellate rights—the petition is still untimely.[2]

In any event, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited more than two years—from August 1, 2016 until November 28, 2018—to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner is therefore not entitled to equitable tolling.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar

---

[2] As noted above, petitioner waited 154 days to file his delayed appeal to the Ohio Supreme Court, following the Ohio Court of Appeals' January 12, 2017 denial of his motion for a delayed appeal. The limitations period ran another 440 days between the Ohio Supreme Court's September 13, 2017 denial of his delayed appeal motion and November 28, 2018, when petitioner filed his habeas corpus petition. Therefore, even if petitioner was entitled to 104 days of equitable tolling based on his allegation that he was not informed of his appellate rights, the petition would still be untimely.

to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on August 1, 2016. The limitations period ran for 104 days, from August 2, 2016 until November 14, 2016, when petition filed his delayed appeal motion. The statute of limitations ran another 154 days, from the Ohio Court of Appeals' January 12, 2017 denial of his delayed appeal motion until June 16, 2017, when petitioner filed a delayed appeal motion to the Ohio Supreme Court. The limitations period began to run again on September 13, 2017, when the Ohio Supreme Court denied his motion, and expired 107 days later, on December 29, 2017. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, petitioner's habeas corpus petition, filed on November 28, 2018, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss (Doc. 9) be **GRANTED** and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/10/19

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

JEFFREY D. CARLIER,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:18-cv-839

Bertelsman, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).